This court in *Affiliated* found that if the deficiency in proof of the amount of damages was remediable, the case should be remanded to the trial court for further proceedings. Stating its preference for reversal and remand, this court said, "A plaintiff's verdict should be reversed without remand only if the appellate court is convinced that plaintiff could not make a submissible case on retrial." *Affiliated*, 917 S.W.2d at 656.

The court believes that the evidentiary deficiency as to the amount of, and certainty of, damages may be remedied and cured on remand. There should be submissible evidence available to Boyd on retrial to provide the court with an appropriate estimate either of the cost to repair the damaged portion of the partition fence, or the value of the fence prior to the damage. The issue of damages to the fence is remanded to the trial court for reception of evidence conforming to the proper measure of damages.

Lollar's second point reads, "The court erred in ruling that the hedge was part of the partition fence and in assessing damages based on the loss of the hedge as well as the fence because the weight of the evidence proved that the hedge was part of appellant's property." This point is somewhat baffling for several reasons. First, the point fails to comply with the mandate of Rule 84.04(d). Second, and even more puzzling is the trial court's judgment is silent on any damage being awarded to Boyd for the hedge. This point is denied.

The judgment as to damages to the fence is reversed and remanded for trial solely on the issue of the amount of damages sustained by Boyd for damage to the fence. The judgment as to trespass is affirmed.

All Concur.

T.M.C., J.C.C., and F.L.C., Respondents,

v.

L.C., Appellant.

No. 74070.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 2, 1999.

William P. Grant, St. Louis, for appellant.

Nancy Pew, Clayton, Rene E. Lusser, St. Louis, for respondent.

Before JAMES A. PUDLOWSKI, P.J., WILLIAM H. CRANDALL Jr., J. and CLIFFORD H. AHRENS, J.

### ORDER

PER CURIAM.

Mother appeals the judgment of the trial court terminating parental rights in her children. Section 211.447, RSMo 1994. She alleges there was insufficient evidence to support the trial court's findings. We affirm.

We have reviewed the briefs, legal file and the transcript. We find the judgment of the trial court is supported by substantial evidence, is not against the weight of the evidence and does not erroneously apply the law. No jurisprudential purpose would be served by a written opinion. Rule 84.16(b).